# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

| | | |
|---|---|---|
| Digna Padron | ) | |
| | ) | |
| *Plaintiff,* | ) | **CASE NO. _____** |
| | ) | |
| v. | ) | |
| | ) | **JURY DEMAND** |
| Publix Super Markets, Inc. | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Count I

### *( Failure to Promote)*

Plaintiff, DIGNA PADRON, sues Defendant PUBLIX SUPER MARKETS, INC. ("Publix"),

for discrimination under Title VII of the Civil Rights Act of 1964 and 1991, 29 U.S.C.A. Sec. 2000e

*et seq* for sex discrimination and for national origin discrimination.  In support of her claim, she

alleges as follows:

1. Padron claims that Publix violated Federal Civil Rights statutes that prohibit employers like

Publix from discriminating against employees on the terms and conditions of employment because

of their race, color, religion, sex, gender, or national origin.  It also requires employers provide a

workplace free from harassment for said reasons.

2. Here, Padron claims that Publix denied her a promotion, and advancement opportunities

not once -- but no less than six times because of her gender/sex (i.e., female) and her national origin

(i.e., Dominican, Hispanic).[1]

3. Padron is currently employed by the Publix.  She began her employment on or June 23,

2003.  Her position or job title at issue is known as a "Lead" person.

4. During her employ with Publix, she was regularly recognized as a thoughtful, dedicated, and

valuable employee.

5. Indeed, her co-workers regularly turned to her as their *de facto* leader, even though Publix

refuse to grant her a promotion with a leadership title.  They found Padron to be knowledgably

about the work Publix asked them carry out and they often turned to her as a role model; seeking

guidance, training and clarification on how to perform their jobs.

6. But it was more than just Padron's co-workers that recognized her work -- as Publix

management praised her too, e.g., Publix expressed in its corporate review of the Plaintiff that she

exhibited:

  a.  punctuality, i.e., not being late to work,

  b.  a cooperative attitude, e.g., taking direction given to her from management well;

---

[1] National origin discrimination involves treating people (applicants or employees) unfavorably because
they are from a particular country or part of the world, because of ethnicity or accent, or because they
appear to be of a certain ethnic background (even if they are not).

c.  good communication skills; and that she

d.  was a natural leader.

7.  And she earned this praise and superior employment record while conducting her work in a detailed manner -- all while juggling multiple work responsibilities.

8.  Indeed, Publix ranked her as "promotable" employee when considering her for a position above her own.

9.  But despite the praises and long tenure, she was repeatedly turned down for promotions.

10.  When she inquired why, she was told different stories, at first, she was told by the Defendant that she is not being promoted, inter alia, because of her negative attitude.  But this is simply not true, and her co-workers along with other written business records demonstrate this; as does the statistical promoting practices of Publix, which is disproportionately impacting members of Padron's protected claims

11.  On other occasions she was told that all people in her job position were being eliminated, and that they were all required to apply for a supervisory position or some lessor job.

12.  She applied for both, but was not selected for either.

13.  However, Publix did choose to promote and retain her male non-Hispanic co-workers.

14.  Even worse, some male "Lead" employees (the job supposedly being eliminated) (from a different national origin's than Padron's) did *not* even have to apply for a single job.  Indeed,

their jobs never changed – they got to go on as business as usual – while Padron was told they were eliminating all jobs like hers. .

15.     Padron claims that the Defendant is engaged in a pattern and practice of discrimination against females and those of her national origin, i.e., when it comes to promotions and climbing the corporate latter.

16.     Publix intentionally engaged in the above discussed unlawful employment practices and discriminated against the Plaintiff.

17.     Padron was denied the promotions she sought – not for any legitimate reason, but an unlawful one – her sex and national origin.

18.     As a consequence of this discrimination she filed a charge of discrimination with the EEOC on or about March 11, 2015, i.e., Charge No. 510-201502244.

19.     The EEOC granted her a right to sue letter to bring this action and all other conditions precedent to jurisdiction have been complied with.

20.     Indeed, Padron is part of a protected class (female and Hispanic) based on gender and national origin.

21.     She was qualified for the positions she sought with Publix.

22.     The jobs and positions she sought and applied for that would have been a promotion from her then current station were vacant and Publix was accepting applications to fill those spots.

23.     She was rejected from the promotional positions for unlawful reasons, and those that were hired were not in a protected class.

4

24.     She was treated differently than similarly situated individuals not in her protected class under similar circumstances. Padron was never promoted.

25.     There were other less qualified male employees who were promoted ahead of Padron.

26.     There were also other less qualified employees who were promoted ahead of her that were not of the same protected class.

27.     As a result of unlawful discrimination, Padron had been denied the promotional opportunities that should have been granted to her, and she has been deprived of a salary increase, and better employee benefits.

28.     Padron will suffer an adverse employment action and is suffering irreparable harm because she was not promoted.

29.     Padron, resides in Broward County; and resided in Broward County during all times relevant to this Complaint.

30.     The Defendant, Publix Super Markets, Inc., is a for profit corporation duly organized under Florida law.  It conducts business throughout Florida, including Broward and Miami-Dade County.

31.     It is a large company, employing thousands of people at and given time, and has been doing so for many years.

32.     As a consequence, it qualifies as a covered employer under 42 U.S.C. Sec. 2000e(b) and is required to comply with Title VII.

33.      Likewise, Padron is considered a covered individual under the Act, as she applied for work and was / is employed by an employer covered by Title VII.  42 U.S.C. Sec. 2000e-2(1); 42 U.S.C. Sec. 2000e-(f)

34.      Publix employs thousands, and has been in business for more than a year.

35.      Among the Defendant's operations consists of 100 Northeast 183rd Street, Miami, Florida 33179, where many of the acts complained of herein took place.

36.      This Court has jurisdiction over this action pursuant to 28 U.S.C. Secs. 1331 as a federal question is present under Title VII.

37.      The Miami Division of this Court is proper venue for this action pursuant to 28 U.S.C. 1391(b) because acts complained of herein primarily took place in Miami.

38.      The Court has original and personal jurisdiction over this action because Defendants are engaged in business within the State of Florida and the actions complained of occurred in Florida.

**WHEREFORE**, the Plaintiff demands judgment as follows:

39.      That this Court enjoin Publix, and its agents, temporarily, preliminarily, and permanently from engaging in unlawful employment practices on account of the Plaintiff's sex and national origin;

40.　　　That Plaintiff be promoted to one or more of the positions applied for, with all

rights and benefits, that she should have received had she been promoted on the first date she

applied for it;

41.　　　That Publix and its agents be enjoined from denying Padron promotional

opportunities because of her sex and national origin;

42.　　　That Plaintiff be awarded compensatory damages, including back pay, front pay, and

other actual or special damages permitted under the law, up to and including the maximum

amounts the law provides;

43.　　　That Plaintiff be awarded reasonable attorney's fees and costs of suit under Court's

inherent power to do so, along with under 42 U.S.C. § 2000e-5(k); and

44.　　　For such other relief as to this Court may seem just and proper.


## JURY DEMAND

Plaintiff demands a trial by jury on all questions of fact so triable.


Submitted this 30th day of August, 2016 by:

*/s/ Dale James Morgado*

Dale James Morgado Esq.

228 Park Avenue South, Suite 84164

New York, New York 10003

T: (855) 899-9121

F: (855) 499-9191

E: djm@morgado.us

*Attorney for the Plaintiff*